Commonwealth of Pennsylvania, Department of Revenue, Appellant *v.* Estate of Mary Shippen Butler, Deceased, Appellee.

Commonwealth of Pennsylvania, Department of Revenue, Appellant *v.* Estate of Daniel T. V. Huntoon, Deceased, Appellee.

Argued December 10, 1984, before Judges ROGERS, COLINS and Senior Judge KALISH, sitting as a panel of three.

*Catherine R. Barone,* Deputy Attorney General, with her, *John O. J. Shellenberger, 3rd,* Deputy Attorney General, Eastern Regional Director, and *LeRoy S. Zimmerman,* Attorney General, for appellant.

*Karen A. Fahrner,* with her, *Duffield Ashmead, III, Drinker, Biddle & Reath,* for appellee, Estate of Mary Shippen Butler, deceased.

*John F. Meigs*, of counsel, *Saul, Ewing, Remick and Saul*, for appellee, Estate of Daniel T. V. Huntoon, deceased.

OPINION BY JUDGE COLINS, January 28, 1985:

The Commonwealth of Pennsylvania, Department of Revenue (appellant) appeals two orders of the Orphans' Court of Philadelphia, sitting en banc, which dismissed its exceptions to two trial court decisions holding that adopted children are "lineal" rather than "collateral" descendants under the Inheritance Tax Act of 1919 (Act).[1] Pursuant to the Act, these "lineal descendants" would be eligible for the lower tax rate of two percent versus the ten percent rate applicable to collateral heirs.[2] These appeals have been consolidated before this Court. For the reasons hereinafter stated, we affirm the decisions of the lower court.

The pertinent facts of the two cases involved are as follows: Mary Shippen Butler died in 1949. Decedent left a will in which she created a trust for the benefit of her daughter, Marian F. Wood, to pay her the net income from a share of the principal for life and granted Wood a limited power to appoint by will, to her "lineal descendants", the principal of the

---

[1] Act of June 20, 1919, P.L. 521, *as amended*, 72 P.S. §2302, repealed by the Act of June 15, 1961, P.L. 373.

[2] 72 P.S. §2302, provided in pertinent part:

All taxes imposed by this act shall be imposed upon the clear value of the property subject to the tax and shall be at the rate of two per centum upon the clear value of the property, subject to such tax passing to or for the use of father, mother, husband, wife, children, lineal descendants born in lawful wedlock, legally adopted children . . . . : at the rate of ten percentum upon the clear value of the property subject to such tax passing to or for the use of any other person or persons, bodies corporate or politic.

trust. After Butler's death, inheritance taxes were paid on all interests in the Wood trust at the two percent rate applicable to lineal descendants under the Act. Appellant, however, reserved the right to assess additional taxes on any interest which may pass to collateral descendants.

Wood died in 1973, leaving a will in which she exercised her power of appointment. One of the provisions in this will left the principal of the trust to Wood's son, Edward, Jr., for life with a remainder in his adopted children. In case this first provision was invalid, however, Wood included another provision in which she left the principal to Edward, Jr., outright.

Litigation over the legality of the provision creating a remainder in the adopted children resulted in a family agreement creating a trust in favor of Edward, Jr., for life with a remainder in Edward, Jr.'s adopted children.

Upon Wood's death, appellant sought to tax the interests of Edward, Jr.'s, adopted children at a rate of eight percent in order to raise the original two percent tax paid on the property to the ten percent rate applicable to property passing to collateral heirs.

In the other case before the Court, Daniel T. V. Huntoon (decedent) died in 1943. In his will, decedent left his residuary estate in trust for his adopted son, D. Thomas V. Huntoon (hereinafter referred to as Thomas). Decedent also gave Thomas a power of appointment over the remainder of the trust which, pursuant to specifications in the will, was exercised in favor of Thomas' descendants. When decedent died, the two percent tax due on property passing to "lineal descendants" as required by the Act was paid. Upon Thomas' death, appellant assessed an additional tax of eight percent on the property. This rate, as in

the Butler case, represented the difference between the original two percent paid and the ten percent rate applicable to collateral descendants. Appellant claims that Thomas' natural children should not be considered "lineal descendants" for inheritance tax purposes.

Appellant offers as precedent for excluding adopted children from the definition of "lineal descendants," the case *In Re Strunk's Estate,* 369 Pa. 478, 87 A.2d 485 (1952). In *Strunk* our Supreme Court held that "however extensive were the rights accorded by [the adoption] statutes to adopted children, [adopted children] did not come within the classification of descendant's 'lineal descendants' in the transfer inheritance tax act of 1919." *Id.* at 483, 87 A.2d at 487.

The trial court in the matters sub judice, however, held that *Strunk* had been implicitly overruled. Our Supreme Court has recognized a "legislatively mandated equality so clearly and unequivocally expressed in the statutes of adoption, *i.e.,* "that the adopted person shall have all the rights of a child and heir of" the adopting parents. *In Re Estate of Tafel,* 449 Pa. 442, 446, 296 A.2d 797, 802 (1972).[3] "No longer can [the] rationale [limiting lawful heirs to heirs of the blood] serve to relegate adopted chil-

---

[3] Section 2902 of the Adoption Act of 1980, *as amended,* 23 Pa. C. S. §2902(a), provides:

General rule.—If satisfied that the statements made in the petition are true, that the needs and welfare of the person proposed to be adopted will be promoted by the adoption and that all requirements of this part have been met, *the court shall enter a decree so finding and directing that the person proposed to be adopted shall have all the rights of a child and heir of the adopting parent* or parents and shall be subject to the duties of a child to him or them. . . . [Emphasis added.]

dren to second class status.'' *Estate of Sykes,* 477 Pa. 254, 258, 383 A.2d 920, 924 (1978). See also *Farmers Trust Co. v. Bashore,* 498 Pa. 146, 445 A.2d 492 (1982).

As Judge GUTOWICZ correctly stated in his opinion for the Orphans' Court, sitting en banc, the cases since *Tafel* ''teach us that, in construing any statute of this Commonwealth, we need not and must not 'assume' that the legislature intended to discriminate against adopted children and their descendants.''

The citizens of this Commonwealth will not be well served by the propagation of a policy, rooted in Victorian concepts, which promotes the inferiority of adopted children. Such a notion has since been rejected by the legislature and our Supreme Court.

For the reasons stated above, the decision of the lower court is hereby affirmed.

ORDER

AND Now, January 28, 1985, the order of the Orphans' Court of Philadelphia County in the above-captioned matter, dated April 12, 1983, is hereby affirmed.

Judge KALISH concurs in the result only.